## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

TERRY LAMAR MCCOY                                                     PETITIONER

VS.                                  4:20-CV-00133-KGB/JTR

LAFAYETTE WOODS, Sheriff,
Jefferson County, Arkansas                                           RESPONDENT

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent

to United States District Judge Kristine G. Baker.  You may file written objections

to all or part of this Recommendation. If you do so, those objections must: (1)

specifically explain the factual and/or legal basis for your objection; and (2) be

received by the Clerk of this Court within fourteen (14) days of the entry of this

Recommendation. The failure to timely file objections may result in waiver of the

right to appeal questions of fact.

### I. Introduction

On February 7, 2020, Petitioner Terry McCoy ("McCoy") filed a *pro se* §

2241 Petition for Writ of Habeas Corpus.[1] *Doc. 2.*   Liberally construing his

---

[1]  McCoy attempts to bring this habeas action under § 2254.  However, because McCoy
seeks habeas relief, *before* trial and judgment in state court, his only remedy is under § 2241(c)(3).
*Neville v. Cavanaugh*, 611 F.2d 673, 675 (7th Cir. 1979) (federal court's jurisdiction over pretrial
habeas petition is under § 2241(c)(3)); *compare Crouch v. Norris*, 251 F.3d 720, 723 (8th Cir.
2001) (person in custody pursuant to the judgment of state court can obtain habeas relief only
through § 2254, no matter how pleadings are styled; rejecting state prisoner's contention that his

allegations, McCoy claims that, while released on bond and awaiting trial on pending felony charges in Jefferson County, Arkansas, he failed to appear for a court hearing and is being held on a "no bond status" without "any examination to determine whether there was even a failure to appear" and without ever being formally charged with the failure to appear. *Id.*

The filings in *State v. McCoy*, Jefferson County Circuit Court Case No. 35CR-18-421,[2] establish that: (1) on August 21, 2018, McCoy was charged in a felony information with one count of breaking and entering and one count of theft of property; (2) on August 23, 2018, McCoy was arrested; (3) on October 1, 2018, McCoy was arraigned and his bond was set at $25,000; (4) on October 2, 2018, McCoy was released on bond; (5) on March 7, 2019, McCoy failed to attend an omnibus court hearing; (6) on March 11, 2019, the circuit judge entered a bench warrant for McCoy's arrest based on the failure to appear; (7) on May 14, 2019, McCoy was arrested and booked back into the county jail; (8) on January 27, 2020, McCoy sent a letter to the trial judge apologizing for his failure to appear before the court on March 7, 2019, and requesting that the judge reinstate his bond; (9) on

---

petition should be classified as § 2241). Accordingly, the Court construes McCoy's habeas Petition as an action under § 2241.

[2] The Court has accessed the criminal docket using the Arkansas courts' website. *See* https://caseinfo.aoc.arkansas.gov.

February 7, 2020, McCoy's trial counsel filed a Motion to Set Bond;[3] (10) on March 2, 2020, McCoy sent another letter to the trial court complaining of his "no bond status"; (11) on April 9, 2020, McCoy's trial counsel filed a Motion to Release McCoy on his own recognizance pending trial; and (12) on April 28, 2020, the trial court held a hearing and set McCoy's bond at $30,000.

For the reasons stated below, the Court recommends that McCoy's Petition for Writ of Habeas Corpus be dismissed, without prejudice.

## II. Discussion

In reviewing a federal habeas petition, a court must summarily deny relief "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions under Rule 1(b)); 28 U.S.C. § 2243. Additionally, a court "may take judicial notice of proceedings in other courts of record." *Rodic v. Thistledown Racing Club, Inc.*, 615 F.2d 736, 738 (6th Cir. 1980); *see also Hood v. United States*, 152 F.2d 431 (8th Cir. 1946) (federal district court may take judicial notice of proceedings from another federal district court).

---

[3] On March 31, 2020, Mr. William Ogles replaced Mr. Hayden Hannah as McCoy's court-appointed counsel.

For the reasons explained below, McCoy's § 2241 habeas claims should be dismissed, without prejudice.

First, a habeas claim made under § 2241 must allege that the petitioner's federal constitutional rights have been violated. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Federal habeas courts are not permitted "to reexamine state-court determinations on state-law questions." *Id*. Here, McCoy alleges only that "state authorities" have failed to comply with *state laws* governing his bond revocation and the setting of his new bond following his arrest for failure to appear. None of those alleged violations of state law are cognizable in a federal habeas action.

Second, before a state prisoner can seek federal habeas relief, he must "exhaus[t] the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A); *see also Reed v. Faulkner Cty. Sheriff's Office*, No. 4:18-CV-00058-KGB/JTR, 2018 WL 2305693, at *1 (E.D. Ark. May 21, 2018) (exhaustion requirement also applies to § 2241 habeas petitions). In order to fully exhaust his state court remedies, a prisoner must fairly present his federal constitutional claims to the highest available state court before seeking relief in federal court. *See Dansby v. Hobbs*, 766 F.3d 809, 822 (8th Cir. 2014). Any habeas claims relating to McCoy's current dissatisfaction with his current $30,000 bond must first be presented to the state trial court, and then, if no relief is granted, appealed to the Arkansas Supreme Court in a petition for writ of certiorari. *Trujillo v. State*, 2016 Ark. 49, 2, 483

4

S.W.3d 801, 803 (2016) (citations omitted) (certiorari is the proper remedy to review a circuit court's bail-bond proceedings).  Because McCoy has not yet exhausted his available state court remedies, this Court declines to consider his habeas claims.  *See Dansby*, 766 F.3d at 822; *Brende v. Young*, 907 F.3d 1080, 1084 (8th Cir. 2018) (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)).

Third, federal courts generally must abstain from the exercise of § 2241 jurisdiction if the issues raised in a habeas petition may be resolved by a trial on the merits in the state court proceeding or by other available state court procedures. "Absent extraordinary circumstances, federal courts should not interfere with the states' pending judicial processes prior to trial and conviction, even though the prisoner claims he is being held in violation of the Constitution."  *Sacco v. Falke*, 649 F.2d 634, 636 (8th Cir. 1981) (quoting *Wingo v. Ciccone*, 507 F.2d 354, 357 (8th Cir. 1974)).  While narrow exceptions to this rule exist, nothing about McCoy's allegations raise any of the "extraordinary circumstances" that might trigger an exception to the general rule.

Finally, under Article III, § 2 of the United States Constitution, the exercise of judicial power depends upon the existence of a case or controversy.  *DeFunis v. Odegaard*, 416 U.S. 312, 316 (1974).  This means that a petitioner must show that he has suffered, or is threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.  *Spencer v. Kemna*, 523 U.S.

5

1, 7 (1998).  If a petitioner cannot show an existing case or controversy through all the stages of his litigation, his case becomes moot, depriving the court of its power to act because there is nothing to remedy, even if the court were disposed to do so. *Id.* at 18.

The public record establishes that, on April 28, 2020, the trial judge held a hearing, removed McCoy's "no bond status," and reset his bond at $30,000.  Even if McCoy had a colorable habeas claim under § 2241, the central issue raised in his Petition – that he was being held, without bond, for failing to appear at a court hearing – has now been resolved by the trial court setting his new bond at $30,000. Thus, McCoy's claim now appears to be moot.

Accordingly, McCoy's Petition for Writ of Habeas Corpus should be dismissed, without prejudice.

### III.    Conclusion

IT IS THEREFORE RECOMMENDED that Petitioner Terry McCoy's Petition for Writ of Habeas Corpus, pursuant to § 2241 be dismissed, without prejudice.

IT IS FURTHER RECOMMENDED that a Certificate of Appealability be DENIED.[4]

Dated this 1st day of May, 2020.

_____
UNITED STATES MAGISTRATE JUDGE

---

[4] 28 U.S.C. § 2253(c)(1)(A) requires a COA to appeal from "the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a state court." *See Evans v. Circuit Court of Cook Cty., Ill.*, 569 F.3d 665, 666 (7th Cir. 2009) (holding that state prisoners proceeding under § 2241 must obtain a COA where the target of the habeas petition arises out of process issued by a state court.); *Wilson v. Belleque*, 554 F.3d 816, 825 (9th Cir. 2009) (same).